## LA MANNA et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. March 5, 1895.)

CUSTOMS DUTIES—CLASSIFICATION—SARDINES.

The act of October 1, 1890, provides (Schedule G, par. 291) that anchovies and sardines imported in boxes measuring "not more" than (giving dimensions) shall pay 10 cents per whole box; in "half boxes" measuring "not more" than (giving dimensions), 5 cents each; in "quarter boxes" measuring "not more" than (giving dimensions), 2½ cents each; "when imported in any other form, 40 per cent. ad valorem." *Held,* that sardines imported in boxes much smaller than quarter boxes, and commercially known as "eighth boxes," were not subject to a specific duty of 2½ cents per box, but only to the ad valorem duty of 40 per cent.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This was an application by La Manna, Azema & Farnan, importers of certain sardines in boxes, for a review of the decision of the board of general appraisers sustaining the decision of the collector of the port of New York as to the rate of duty on said merchandise. The circuit court affirmed the decision of the board, and the importers appealed.

William B. Coughtry (Stephen G. Clarke, of counsel), for appellants.

Wallace MacFarlane, U. S. Atty., and Chas. Duane Baker, Asst. U. S. Atty.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. In October, 1891, the appellants imported certain sardines in boxes, which were classified and assessed for duty by the collector of the port of 'New York at 2½ cents per each box. They insisted by their protest that the sardines should have been subjected to duty at 40 per centum ad valorem. The board of general appraisers affirmed the action of the collector, and upon an appeal to the circuit court that court affirmed the decision of the board of appraisers. From that decision the present appeal was taken.

The case is controlled by the provision of the tariff act of October 1, 1890 (Schedule G, par. 291), which enacts that duties shall be levied as follows upon "anchovies and sardines, packed in oil or otherwise, in tin boxes measuring not more than five inches long, four inches wide and three and one-half inches deep, ten cents per whole box; in half boxes, measuring not more than five inches long, four inches wide, and one and five-eights inches deep, five cents each; in quarter boxes, measuring not more than four and three-fourths inches long, three and one-half inches wide, and one and one-fourth inches deep, two and one-half cents each; when imported in any other form, forty per centum ad valorem." It appears by the record that the boxes imported by the appellants were 3⅞ inches long, 2¼ inches wide, and ¾ of an inch deep. It also appears that, at the date of the enactment of the tariff provision, "whole boxes," "half boxes," "quarter boxes," and "eighth boxes" were terms of commercial designation as applied to sardines in boxes, and that boxes like those imported by the appellants were known in the trade as "eighth boxes," and would not be bought and sold, or commercially recognized, as "quarter boxes." The capacity of these boxes was about 7¼ cubic inches, while that of whole boxes, half boxes, and quarter boxes is respectively about 70, 32½, and 20 cubic inches. The theory adopted by the collector, by the board of general appraisers, and by the circuit court was that, because the boxes in controversy measured "not more" than the dimensions specified in the clause subjecting quarter boxes to duty at 2½ cents each, they were described by that clause. We cannot assent to this proposition. Upon that reasoning they are as accurately described in the preceding clauses of the paragraph, and are subject to duty at 10 cents per box and at 5 cents per box, as well as to duty at 2½ cents per box. The boxes measured "not more" than those described in the preceding clauses. Manifestly, it is the intention of the provision to graduate the duty according to the size of the boxes, and subject the smaller sizes to the lower specific duty; and it is not supposable that congress intended to impose upon smaller boxes than the half or quarter sizes the higher duty of the largest size. Consequently, boxes like those in controversy, although "not more" than the size of the largest boxes, as well as "not more" than the size of the half and quarter boxes, if dutiable as belonging to any one of these three classes, would more naturally fall within the category of the last. They do not, however, fall within that category, because they do not correctly fit the description of this class. They are not "quarter boxes,"—a term of

commercial designation, which cannot be disregarded without doing violence to the cardinal rule in the construction of tariff acts. It follows that, if they are described by the provision at all, they are described by the last clause, and are subject to the ad valorem duty. We conclude that sardines packed in a tin box of a larger size than the ordinary "whole box," if there are such, as well as in boxes smaller than quarter boxes, are intended to be dutiable at 40 per centum ad valorem. The judgment of the circuit court is accordingly reversed.